UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 06-114-JBC**

**ROGER NOBLE,**                                                                                     **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                             **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  On cross-motions for summary judgment (DE 10, DE 11), the court referred this action to United States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and Recommendation (DE 13), to which the Commissioner has filed objections (DE 14).

When the parties to an action submit such objections, the district court reviews the record *de novo*.  28 U.S.C. § 636(b)(1)(C).

The plaintiff is a thirty-four-year-old male with a high school education, plus two years of vocational school.  He alleges that he became disabled on September 16, 2003, due to Crohn's disease.  AR 94-96.  On November 23, 2004, Administrative Law Judge ("ALJ") Don C. Paris issued an opinion in which he found that the plaintiff was not disabled.  AR 20-25.  On February 28, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, AR 9-11,

and the plaintiff then commenced this action.

The court referred this action to Magistrate Judge Todd for the issuance of a Report and Recommendation. On December 8, 2006, Magistrate Judge Todd entered an opinion in which he found that the ALJ's denial decision was not supported by substantial evidence. He therefore recommended that the Commissioner's denial of the plaintiff's claim for disability benefits be reversed. He also found that the plaintiff was entitled to an award of disability benefits "retroactive to his onset date, September 16, 2003." DE 13, at 9.

The Commissioner does not object to the Magistrate Judge's finding that the plaintiff became disabled on September 16, 2003. However, she does object to the plaintiff's award of disability benefits beginning with his disability onset date of September 16, 2003. The Commissioner's regulations state that, before a claimant becomes entitled to disability benefits, he must have been disabled for five full consecutive months. 20 C.F.R. § 404.315(a)(4). This five-month "waiting period" begins with a month in which the claimant is both insured and disabled. *Id.* A claimant's benefits cannot begin earlier than the first month following this "waiting period." 20 C.F.R. § 404.316(a).

The plaintiff alleges that he first became disabled on September 16, 2003. Under the Commissioner's regulations, his entitlement to benefits cannot begin any earlier than February 16, 2004. The Magistrate Judge therefore erred in granting the plaintiff an award of benefits beginning with his onset date of September 16,

2003.

The Magistrate Judge did not err, however, in reversing the Commissioner's decision and remanding this case for an award of benefits.  If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.  *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.").  As even the Commissioner does not, at this point, contest the overwhelming evidence of the plaintiff's disability, the court finds that remanding this case for an outright award of benefits is appropriate.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 13) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment

(DE 10) is **GRANTED**.

      **IT IS FURTHER ORDERED** that the Commissioner's administrative decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner for an award of disability benefits retroactive to February 16, 2004.

      Signed on January 20, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY